IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GIROLAMO MANGIAMELI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 08 C 3006 |
| v. | ) |
| | ) Judge Amy St. Eve |
| FAMILY HYUNDAI, INC., | ) Magistrate Judge Schenkier |
| | ) |
| Defendant. | ) |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendant, Watson Family Hyundai, Inc. d/b/a Family Hyundai ("Defendant"), by its attorneys Burke, Warren, MacKay & Serritella, P.C., for its answer and affirmative defenses to Plaintiff's complaint, states as follows.

**I     THE PARTIES**

1.     Plaintiff is an individual and has resided at 1835 North 77th Avenue, in Elmwood Park, Illinois 60707, at all relevant times relevant hereto.

**ANSWER:**   Defendant admits that Plaintiff is an individual. Defendant is without sufficient information to admit or deny the remaining allegation contained in paragraph 1.

2.     Defendant is a corporation incorporated under the laws of the State of Illinois, that at all times relevant hereto maintained its principal place of business at 159th Street, in the City of Tinley Park, County of Cook, and State of Illinois. At all times relevant hereto, Defendant employed in excess of fifteen people.

**ANSWER:** Defendant admits the allegations contained in paragraph 2.

**II.     JURISDICTION AND VENUE**

3.     In or about February 15, 2008, Plaintiff filed a charge of discrimination against Defendant with the United States Equal Employment Opportunity Commission (the "EEOC"),

1

alleging that he was discriminated against on the basis of a disability in violation of Title I of the Americans with Disabilities Act, 42 U.S.C.A. Sections 12101 et seq. (the "ADA"). Said charge was filed within 300 days of the date of Plaintiff's discharge by Defendant. (A copy of said charge is attached hereto and incorporated herein by reference as Exhibit A.)

**ANSWER:** Upon information and belief, Defendant admits the allegations contained in paragraph 3.

4. On or about March 18, 2008, Plaintiff received a notice of right to sue against Defendant under the ADA. (A copy of said notice is attached hereto and incorporated herein by reference as Exhibit B.)

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegation contained in paragraph 4.

5. On April 4, 2008, within the aforementioned Ninety day right to sue period, Plaintiff filed the instant action.

**ANSWER:** Upon information and belief, Defendant admits that Plaintiff filed the instant action on April 4, 2008. The remaining allegation in paragraph 5 regarding the "Ninety day right to sue period" is a legal conclusion rather than an allegation of fact and, therefore, no answer is required by Defendant.

6. Plaintiff has therefore exhausted his administrative remedies and has complied with all conditions precedent to maintaining this action.

**ANSWER:** Defendant denies the allegation contained in paragraph 6.

7. This Court has original jurisdiction over this matter pursuant to 28 U.S.C.A. Sections 1343, 1331, as it is a civil rights action arising under the laws of the United States.

**ANSWER:** Defendant denies the allegation contained in paragraph 7.

8. Venue in this district is proper under 28 U.S.C.A Section 1391(b) as the parties reside in this judicial district and the events giving rise to this action occurred in this judicial district.

**ANSWER:** Defendant denies the allegation contained in paragraph 8.

### III. FACTS RELEVANT TO ALL CLAIMS

9. On or about October 25, 2002, Plaintiff was hired by Defendant in the position of Finance Manager and at all relevant times hereto was employed by Defendant.

**ANSWER:** Defendant denies the allegations contained in paragraph 9.

10. At all times relevant hereto, Plaintiff performed his job duties to Defendant's legitimate satisfaction.

**ANSWER:** Defendant denies the allegation contained in paragraph 10.

11. On or about April 21, 2007, Plaintiff became ill with a Brain Aneurism, which was diagnosed by his physician.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 11.

12. Plaintiff's physician advised Plaintiff to take a leave of absence from his position in order to recover from his condition.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 12.

13. Plaintiff was absent from work for about five months. On or about September 12, 2007, Plaintiff's physician released him to return to work without any medical restrictions whatsoever. After Plaintiff advised defendant of this release, and provided defendant with medical records documenting his release, Plaintiff attempted to return to work. He had substantially recovered from his medical condition, he did not pose a threat to any of his co-employees, and he was able to perform all of his essential job functions without any limitations whatsoever. Plaintiff never returned to work at Defendant's place of business. Plaintiff was informed by Bob Watson, the President of Family Hyundai, Inc., that he was not considered to be mentally fit and that defendant would no longer have use for his services.

**ANSWER:** Defendant denies the allegations contained in paragraph 13.

14. Plaintiff realleges paragraphs one through thirteen above as if fully realleged herein.

**ANSWER:** Defendant incorporates herein by reference its answers to paragraphs 1-13, above, as though fully set forth herein.

15.     Defendant intentionally discriminated against Plaintiff in violation of the ADA by its discharge of him, in that it discharged him because it regarded him as disabled.

**ANSWER:** Defendant denies the allegations contained in paragraph 15.

16.     As a direct and proximate result of said intentional and discriminatory conduct, plaintiff has lost wages and other benefits; his future earning capacity has been substantially impaired; he has suffered severe emotional distress, humiliation, embarrassment, pain and suffering and loss of enjoyment of life; and he has suffered other non-pecuniary losses, all of which will be proven at the trial of this action.

**ANSWER:** Defendant denies that it engaged in any discriminatory conduct and, therefore, denies the allegations contained in paragraph 16.

WHEREFORE, Defendant, Watson Family Hyundai, Inc. d/b/a Family Hyundai, respectfully requests that this Court enter judgment in its favor and against Plaintiff, Girolamo Mangiameli, on all claims, that it be awarded fees and costs and for all other relief this Court deems appropriate.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Defendant, Watson Family Hyundai, Inc. d/b/a Family Hyundai ("Defendant"), by its attorneys Burke, Warren, MacKay & Serritella, P.C., for its affirmative defenses to Plaintiff's complaint, states as follows:

1.     Plaintiff has failed to state a claim upon which relief may be granted.

2.     Plaintiff's claims must be dismissed because he was not an employee of Defendant during the time period in which the alleged discrimination occurred.

3.     Plaintiff failed to meet the prerequisites for filing suit under the Americans with Disabilities Act and Title VII because he did not file a charge with the EEOC against his employer.

4. Defendant avers that at all times relevant to this lawsuit it has acted in good faith with regard to Plaintiff and had reasonable grounds for believing its actions were not in violation of any law.

5. Any actions on the part of Defendant with respect to Plaintiff were based on legitimate and non-discriminatory factors unrelated to Plaintiff's disability.

6. Plaintiff is not substantially limited in one or more major life activities, and thus he is not disabled under the Americans with Disabilities Act.

7. Defendant was not under any duty to accommodate Plaintiff.

8. This action is frivolous, unreasonable, unfounded and groundless, and, accordingly, Defendant is entitled to attorneys' fees and other costs associated with the defense of this action.

9. Plaintiff's claims are barred in whole or in part by his failure to mitigate his alleged damages.

10. Any claim for punitive damages is barred because Plaintiff cannot prove that Defendant acted with malice or reckless indifference to Plaintiff's statutorily protected rights.

11. Plaintiff's alleged compensatory and punitive damages are limited by the statutory cap contained in the Americans with Disabilities Act and Title VII.

12. Some or all of Plaintiff's claims are untimely.

13. The punitive damages claimed in Plaintiff's complaint are unconstitutional, in that, among other things, an award of such damages violates the equal protection clause, violates the due process clause, is an undue burden on interstate commerce, is a violation of the contract clause, and violates the Eighth Amendment proscription against excessive fines pursuant to the United States Constitution and under the Illinois constitution.

14. Defendant reserves the right to add additional affirmative defenses as they become more evident through discovery or investigation.

WHEREFORE, Defendant, Watson Family Hyundai, Inc. d/b/a Family Hyundai, respectfully requests that this Court enter judgment in its favor and against Plaintiff, Girolamo Mangiameli, on all claims, that it be awarded fees and costs and for all other relief this Court deems appropriate.

WATSON FAMILY HYUNDAI, INC. D/B/A FAMILY HYUNDAI,

By: /s/ Kimberly A. Cloud
      One of its attorneys

Ira M. Levin (ARDC #6192178)
Martin K. LaPointe (ARDC #6195827)
Kimberly A. Cloud (ARDC #6278478)
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash Avenue, 22nd Floor
Chicago, IL  60611-3607
(312) 840-7000 telephone
(312) 840-7900 facsimile
476407

6